IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTUAN LENIERE JONES, JR., | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | Civil Action No. 17-837 |
| NANCY A. BERRYHILL,[1] COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| Defendant. | ) ) | |

AMBROSE, Senior District Judge

## **OPINION**

Pending before the Court are Cross Motions for Summary Judgment. (ECF Nos. 12 and 16). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 17). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 12) and denying Defendant's Motion for Summary Judgment. (ECF No. 16).

## I. **BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security denying an application for supplemental security income pursuant to the Social Security Act. Plaintiff filed his application alleging he became disabled on September 1, 2011. (ECF No. 8-7, p. 2). On March 28, 2014, Administrative Law Judge ("ALJ"), Guy Koster, issued a decision finding that Plaintiff is not disabled under the Act. (ECF No. 8-2, pp. 20-40). Plaintiff filed an action in this court seeking review of that decision. On February 25, 2016, Judge

---

[1]Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

Terrence F. McVerry issued an opinion and order granting Plaintiff's Motion for Summary Judgment and remanded the case for further proceedings. (ECF No. 8-25, pp. 7-33). On remand, ALJ David F. Brash, held a hearing on July 5, 2016. (ECF No. 8-24). On April 21, 2017, the ALJ Brash found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 16-30). After exhausting all administrative remedies, Plaintiff again filed an action in this court.

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 12 and 16). The issues are now ripe for review.

**II.    LEGAL ANALYSIS**

    **A.    Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler,* 806 F.2d 1185, 1190-91 (3d Cir. 1986)*; Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

The Social Security Act provides that a child under 18 is "disabled" for purposes of SSI eligibility if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(C)(i). The Commissioner follows a three-step sequential process in determining childhood disability: (1) whether the child is doing substantial gainful activity; (2) if not, whether he or she has a medically determinable severe impairment; (3) if so, whether the child's severe impairment meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. §416.924. An impairment functionally equals a listed impairment if the child has "marked" limitations[2] in two domains of functioning or an "extreme" limitation[3] in one domain. 20 C.F.R. §416.926(a). The six domains are: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for yourself; and health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(iv). When evaluating the ability to function in each domain, the ALJ considers information that will help answer the following questions "about whether your impairment(s) affect your functioning and whether your activities are typical of other children your age who do not have impairments": What activities are you able to perform; What activities are you not able to perform; Which of your activities are limited or restricted compared to other children your age who do not have impairments; Where do you have difficulty with your activities – at home, in childcare, at school, or in the community; Do you have difficulty independently initiating, sustaining, or

---

[2]A "marked" limitation "seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2).

[3]An "extreme" limitation "very seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3).

completing activities; and What kind of help do you need to do your activities, how much help do you need, and how often do you need it. 20 C.F.R. § 416.926a(b)(2)(i)-(vi).

In this case, the ALJ found that Plaintiff was not disabled prior to October 21, 2012, the date he attained age 18.

To be eligible for social security benefits after attaining the age of 18, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

In such instances, the Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

**B.     Weight of Opinion Evidence**

Plaintiff first asserts that the ALJ erred by failing to provide good reasons for discounting the opinion of his treating doctor, Dr. Khan.  (ECF No. 13, pp. 12-18).   The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2).  The opinion of a treating physician need not be viewed uncritically, however.  Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.*  "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, the ALJ gave the opinion of Dr. Khan partial weight because it is "inconsistent with the treatment record." (ECF No. 8-23, pp. 14-16, 29). In support of the same, the ALJ set forth various reasons. *Id.* Plaintiff submits that the "various reasons for giving only 'partial weight' to Dr. Khan's opinion…do not constitute good reasons…." (ECF No. 13, p. 13).

First, Plaintiff argues that the ALJ is apparently "rejecting" Dr. Khan's finding that marijuana abstinence would only improve the claimant's condition somewhat. (ECF No. 13, pp. 13-14). *Id.* At one point, it does appear that the ALJ is attempting to discredit Dr. Khan's opinion on this basis as he spends an entire paragraph discussing Plaintiff's use of marijuana and its impact in relation to Dr. Khan's opinion. (ECF No. 8-23, pp. 14, 29). In discussing the weight given to another doctor, Dr. Perconte, however, the ALJ specifically and in no uncertain terms states: "I agree marijuana use affected the claimant's functioning somewhat." (ECF No. 8-23, pp. 14, 29). I find this very perplexing. Based on the same, I am unable to discern if the ALJ is discrediting Dr. Khan's opinion regarding the impact of Plaintiff's marijuana use or not. As a

result, I cannot find that this reason for discounting Dr. Khan's opinion is based on substantial evidence.

The ALJ's next reason for discounting Dr. Khan's opinion is that the treatment records "suggest" that many of Plaintiff's mental health issues result from "situational stressors" involving his familial relationships. (ECF No. 8-23, pp. 15, 29). Plaintiff argues that this is an oversimplification. (ECF No. 13, pp. 14-15). After a review of the record, I again agree with Plaintiff. No doubt Plaintiff's familial relationships caused some issues for Plaintiff. I am uncertain, however, on what basis the ALJ believes that the familial relationships are situational. The ALJ does not cite to evidence in the record to support this conclusion. (ECF No. 8-23, pp. 15, 29). As a result, I am unable to conclude that this rationale is based on substantial evidence.

The ALJ further attempts to discount Dr. Khan's opinion by concluding Plaintiff's "audio and visual hallucinations were not an ongoing, or even a frequent, problem." (ECF No. 8-23, pp. 15, 29-30). Plaintiff submits that Dr. Khan's opinion does not suggest in any form that hallucinations were "ongoing" or "frequent." (ECF No. 13, p. 15). Rather, Plaintiff submits that the hallucinations are just one of the many symptoms of Plaintiff's psychosis. (ECF No. 13, p. 15). I agree. A review of Dr. Khan's opinion reveals that her diagnosis is psychotic disorder and the only time Dr. Khan mentions hallucinations is to check a box that that asks if hallucinations or delusions is a symptom that Plaintiff has. (ECF No. 8-20, pp. 3-7). As a result, I do not find that this portion of Dr. Khan's opinion is inconsistent with the medical records. Consequently, I find this basis for discounting Dr. Khan's opinion is not based on substantial evidence.

Plaintiff further takes issue with the underlying bases for the ALJ's conclusion that he could function in a work setting as a means for discounting Dr. Khan's opinion that Plaintiff could not engage in full-time competitive employment. (ECF No. 13, pp. 16-17). In support of his conclusion, the ALJ found that Plaintiff had successfully completed two years at a community

college, that Plaintiff interviewed for jobs and held short-term employment, and that Dr. Khan had encouraged Plaintiff to apply for work. (ECF No. 8-23). Plaintiff argues that it was not Dr. Khan who encouraged Plaintiff to apply for work but his licensed social worker, Janet Gilmore. (ECF No. 13, p. 17). While it is true that LCSW Gilmore provided the encouragement, I find that the records reveal that it was provided "under the supervision of Dr. Khan." (ECF Nos. 8-29, p. 6, 33, 35). Nonetheless, I agree with Plaintiff that it is factually inaccurate that Plaintiff completed two years of community college. (ECF No. 13, p. 16). Rather, the records indicated that Plaintiff intermittently attended classes at CCAC over the course of two years but that he possibly completed only two semesters. *See,* ECF No. 8-31, p. 28; No. 8-33, p. 21-22. This is vastly different from "successfully completing two years" of college.

Based on the above, I find that the ALJ's basis for discounting Dr. Khan's opinion is not based on substantial evidence and that remand is warranted.[4]

An appropriate order shall follow.

---

[4] Plaintiff additionally argues that the ALJ's case should be remanded because it is not supported by medical opinion evidence. (ECF No. 13, pp. 18-20). To that end, Plaintiff appears to be arguing that because the ALJ gave only partial or some weight to the medical opinions of record, the RFC was not based on medical expert opinion, but rather his lay interpretation of the record. *Id.* Simply because an ALJ does not give great or significant weight to any of the medical opinions, does not always mean the ALJ's opinion is not based on the medical opinion evidence. In this case, the ALJ did not reject all medical opinion evidence. Rather, he gave partial and some weight to the medical opinions of record. In some instances, that may be sufficient. Since I found that remand is warranted because the ALJ's basis for discounting Dr. Khan's opinion is not based on substantial evidence, I decline to decide the issue of whether the ALJ's decision was sufficiently based on medical opinion evidence as this issue will be revisited on remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTUAN LENIERE JONES, JR., )
)
        Plaintiff, )
)
  -vs- ) Civil Action No. 17-837
)
NANCY A. BERRYHILL,[5] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 12th day of September, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 12) is granted and Defendant's Motion for Summary Judgment (ECF No. 16) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                        BY THE COURT:

                        s/ Donetta W. Ambrose
                        Donetta W. Ambrose
                        United States Senior District Judge

---

[5] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.